UNITED STATES DISTRICT COURT
For the
SOUTHERN DISTRICT OF FLORIDA

Eliakim Brown

        Plaintiff,                        Case No

vs.

The City of Miami Beach Mayor
Dan Gelber in his Official and Individual
Capacity, The City of Miami Beach,
The Chief of Miami Beach Police Department
Richard Clements, In his individual and Official
Capacity, Police Officer Juan Zapata, in his
Individual Capacity, Police Officer
Lazaro Riesgo in his Individual Capacity,

        Defendants.

_____/

FILED BY _____ D.C.

FEB 27 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## CONSTITUTIONAL RIGHTS VIOLATIONS COMPLAINT
## AND DEMAND FOR JURY

### PRELIMINARY STATEMENTS

This is a civil rights action brought by Plaintiff, Eliakim Brown, Sui Juris, to seek relief of Defendants' violation of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (d), *et seq.*("Title VI ") and the Constitution and laws of the State of Florida.

The Defendants in this action, the Mayor of the City of Miami Beach Dan Gelber, Miami Beach Police Department's Police chief Richard Clements, The City of Miami Beach ("The City"), Police Officer Juan Zapata, and Police Officer Lazaro Riesgo, have implemented and are continuing to enforce, encourage and sanction a policy, practice and/or custom of

1

unconstitutional stops, search and seizure of residents by the Miami Beach Police Department. ("MBPD").

Without the reasonable articulate suspicion of a crime required under the Fourth Amendment, MBPD officers, in violation of the Equal Protection Clause of the Fourteenth Amendment, often have used, and continue to use, race, and or national origin, not reasonable suspicion, as the determinative factors in deciding search and seize individuals.  The victims of such racial search and seizures amongst other unconstitutional actions, are primarily Blacks and Latinos'.

The MBPD's widespread constitutional abuse have flourished asa result of, and are directly and proximately caused by, policies, practices and or customs devised, implemented and enforced by the City, Richard Clements and Dan Gelber. The City, Clements and Gelber have acted with deliberate indifference to the constitutional rights of those who would come into contact with MBPD officers by: (a) failing to properly screen, train, and supervise MBPD officers, (b) inadequately monitoring MBPD officers and their unconstitutional search and seizures of primary "minorities" practices, (c) failing to sufficiently discipline MBPD officers who engage in constitutional practices.

As a direct and proximate result of defendants' policies, practices and or customs, hundreds of thousands of City residents, in particular Black persons repeatedly have been victims of suspicionless search and seizures by the MBPD. Moreover, the MBPD's constitutional abuses have been attended by unlawful searches and seizures.

## **<u>JURISDICTION</u>**

1.  Jurisdiction is invoked upon this Court under 28 U.S.C. § 1331 and 1343(3) and (4), as this action seeks to redress for the violation of Plaintiff's constitutional and civil rights.

2.  Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §§1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

3.  Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 (b) and (c).

## JURY DEMAND

4.  Plaintiff demand trial by jury in this action on each and every one of his claims.

## PARTIES

### Plaintiff

5.  Plaintiff Eliakim Brown is an American who resides in the City of Miami, and visits the City of Miami Beach where MBPD officers are and or have been deployed and conduct unconstitutional search and seizure.

### Defendants

6.  Defendant Dan Gelber is and was, at all times relevant herein, the Mayor of the City of Miami Beach and the chief policy making official for the City and its departments, including the MBPD. He is sued in both his individual and official capacities.

7.  Defendant the City of Miami Beach ("City") is a municipal entity made and authorized under the laws of the State of Florida. It is authorized under the laws of the State of Florida to maintain a police department, the MBPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risk incidental to the maintenance of a police force and the employment of police officers. The MBPD's operations include the operations as described herein. On information and belief, the law enforcement activities of the MBPD are funded, in part, with funds from federal government.

8.  Defendant Miami Beach Mayor Richard Clements is and was, at all times relevant herein, the Mayor for the City, and is and was responsible for, and the chief architect of, the policies and practices to be performed by his officers who works under him. He is also responsible for, disciplining, counseling and control of the police officers under his command and supervision, who are or were employed by the MBPD, including the Defendants named herein.  He is sued in his individual and official capacities.

9.   Defendants Miami Beach Police Officers, Juan Zapata, and Lazaro Riesgo are, and or were, at all times employees, and agents of the MBPD, a municipal agency of the City. Defendants Zapata, and Riesgo are sued in their individual capacities.

10.  At all times relevant herein, Defendants Zapata and Riesgo, Clements and Gelber have acted  under color of state law in the course and scope of their duties and functions as agents, employees, and officers of the City and or the MBPD in engaging in the conduct described herein.  At all times relevant herein, Defendants have acted for and on behalf of the City and or the MBPD with the power and authority vested in them as officers, agents and employees of the City and or the MBPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the City and or the MBPD.

11.  At all times relevant herein, Defendants Zapata, Riesgo, Gelber and Clements have violated clearly established constitutional standards under the Fourth and the Equal Protection Clause of the Fourteenth Amendment of which a reasonable person would have known.

## STATEMENT OF THE FACTS

.  12.  On December 18, 2020 at approximately 12:10 P.M at Collins Avenue and 14th Street, Miami Beach, Florida, Plaintiff was sitting in his car just listening to his music on a 10 volume sound level (HIS CAR MAXIMUM VOLUME WAS 40, SO A 10 VOLUME WAS JUST 1/4 OF THE MAXIMUM VOLUME) after finished jogging on the beach, when he was approached by 4 Miami Beach Police Officers in a "drug bust" positioning. Plaintiff later called the Miami Beach Police Department and got 2 of the names. They are Police Officers Juan Zapata, badge number 2086, and Lazaro Riesgo, badge number 1158. The  Miami Beach Police Officer Lazaro Riesgo asked Plaintiff if the car that Plaintiff was sitting in was his; and he said yes. Officer Zapata then asked Plaintiff if he had a driver's license, and he said yes. Then officer Juan Zapata asked Plaintiff if he had a weapon in his car, and he said yes. e Officer Juan Zapata then ordered him out of his car and Juan Zapata put him in handcuffs as Officer Lazaro Riesgo searched his car and sat him on the curb

13.  Police Officer Lazaro Riesgo then took Plaintiff's private firearm to see if it was loaded, which it was not.  Officer Juan Zapata **then asked Plaintiff if he was selling drugs in the car and he said no.** (Police Officers doesn't' asked everyone that they are interrogating when pulled over if they sell drugs) Juan Zapata **asked to search Plaintiff's car after Lazaro Riesgo**

4

**already went inside without his consent and, and even after Plaintiff said, "no".** Officer Zapata asked Plaintiff bizarrely several times over and over if his car was his car and where is the registration. Plaintiff told him that he have a registration for his car, but he wasn't interested in seeing it. Officer Juan Zapata **then asked Plaintiff if he sell drugs, he told him no. He then told Plaintiff that his loud music gave suspicion that he was selling drugs. He then said, "you have a gun with no license".** Plaintiff told him that Florida Statute says that he can have a gun as long as it is unloaded and in a two draw case; in which Plaintiff was in compliance.

14.   Officer Juan Zapata said that Plaintiff didn't have a gun case, in which the other Officer Riesgo said, Plaintiff did, and showed him. Officer Zapata then asked Plaintiff again if his car was his, and Plaintiff said yes. Plaintiff was eventually given back his freedom from temporary arrest and restrain, and was allowed to leave. There was no probable cause for the arrest and restrain of his freedom. Two other Police Officers were on the scene, Plaintiff never noticed the names on their badge; and neither Officers' introduced themselves.  These Defendant officers had subjected Plaintiff to a suspiciousless search and seizure because of his race.

15.    Defendants Zapata, and Riesgo have implemented , enforced, encouraged and sanctioned a policy, practice and or custom of suspicionless search and seizure in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment. This unconstitutional conduct is a direct and proximate result of policies, practices and or customs of the City, Clements and Gelber and their confederates whose identities are presently unknown to Plaintiff. Those policies, practices and or customs include: (a) the failure to adequately and properly screen, train, supervise, monitor and discipline MBPD officers, and (b) the explicit and tacit encouragement, sanctioning, and ratification o and failure to rectify the MBPD's rampant unconstitutional policies, practices and or customs described herein, the constitutional rights of tens of thousands of individuals, particularly Black and sometimes Latino individuals, would be violated.  Despite this knowledge, and with deliberate indifference to and reckless disregard for the constitutional protected rights of such individuals, defendants have implemented, enforced, encouraged, sanctioned and failed to rectify such policies, practices and or customs.

## MBPD'S HISTORY OF A POLICY, PRACTICE AND OR CUSTOM OF SUSPICIONLESS SEARCH AND SEIZURES

16.   The MBPD has a history of conducting suspicionless stops, searches and seizure, which are primarily aimed at Black individuals mainly. They also have a history of racially ridiculing Black individuals. These unconstitutional stops, searches and seizure, not only led to unlawful searches and infringement upon liberties, they oftentimes led to violence against mostly targeted Black men.

17.   The Miami Beach Police Department have a history of racial provocation against mostly so called black people. They have a history of "racial discriminations" especially against so called "black people". See example, Published May 15, 2015. Last Update May 3, 2016-Chief: Miami Beach police officers sent hundreds of offensive racial, porn emails. (one of many).
So the Chief of Police have a fiduciary duty to properly supervise his officers because they are dealing with the public "we the people". www.miamiherald.com/news/local/community/miami-dade/article243534642.

### The Atlanta Black Star carried a report Published on March 18, 2020
18.   *Jeanne Baker, chair of ACLU Florida's police practice committee, told the Miami Herald the MBPD "has a long and troubled history of racial discrimination." According to the outlet, in the 1930s, Black workers couldn't travel to Miami Beach unless they had a work permit and submitted headshots and fingerprints to the police. In 2011, the Miami Beach police were criticized for the death of Raymond Herisse, who was killed when officers fired more than 100 bullets into his car. Four bystanders were hit by the gunfire but survived.*

### The New Times Reported an Article November 19, 2019
Lawsuit: Miami Beach Police Fired Taser, Shouted Racial Slur at Man Recording Them | Miami New Times

19.   After being Tased for video taping Miami Beach police officers, this citizen Saint-Vil ran, was caught up by officers which one of them yelled, *"Who's got the biggest dick now, nigger?" Saint-Vil claims Rodriguez shouted. "You thought you were fast, nigger. Now we got you."*

20.   On information and belief, MBPD officers are also under pressure to conduct these unlawful actions to show that they are fighting crimes. The Fourth Amendment prohibits police officers from conducting unlawful search and seizure without probable cause, articulable suspicion of criminal conduct, search and seizure of a person or their property without a

reasonable belief that they were in the commission of a crime or is a danger to themselves and or others. The Fourth Amendment bars police officers from targeting an individual based upon race or any other discriminatory actions.

### MBPD's Suspicionless Stop Search and Seizures is A Direct and Proximate Result of Defendants' Policies, Practices And or Customs

21.  The pervasive unconstitutional practices of the MBPD are a direct and proximate result of policies, practices and or customs devised, implemented, enforced and sanctioned by the City, Clements and Gelber and their confederates whose some of whom identities are unknown, with the knowledge that such policies, practices and or customs would lead to violations of the Fourth and Fourteenth Amendments.

22.  Those policies, practices and or customs include: (a) failing to properly train, screen and supervise MBPD officers, (b) failing to adequately monitor and discipline MBPD officers, and (c) encouraging, sanctioning and failing to rectify the MBPD's custom and practice of suspicionless stop, search and seizure.

### Failure to Monitor and Discipline MBPD Officers

23.  The MBPD's widespread abuses are also a direct and proximate result of the failure of the City, Clements and Gelber to properly and adequately monitor, discipline and take necessary corrective action against MBPD officers who engage in, encourage or conceal unconstitutional practices. Among other things, these Defendants knowingly, deliberately and recklessly have failed:

   (a) To take appropriate disciplinary action and corrective measures against MBPD officers who have engaged in suspicionless stop, search and seizures;

   (b) To adequately monitor MBPD officers who have incurred a substantial number of civilian complaints, even in instances where the number of complaints should have triggered monitoring under established departmental guidelines;

   (c) To devise and implement appropriate oversight, disciplinary and remedial measures in the face of extensive evidence that no charges are brought against the overwhelming majority of persons stopped, searched and or seized.

**FIRST CLAIM**
**(Claim Pursuant to 42 U.S.C. § 1983 Against All Defendants**
**For Violation of the Fourth Amendment)**

24.  Plaintiff repeats and re-allege paragraph 1through 27  as if truly set forth herein.

25.  The MBPD's constitutional abuses and violations  were and are directly and proximately caused by policies, practices and or customs devised, implemented, enforced,  encouraged and sanctioned by the  City, Gelber, and Clements, including:  (1) the  failure  to  adequately  and properly screen, train, and supervise MBPD officers, 92) the failure to properly and adequately monitor  and  discipline  MBPD  officers;  and  (3)  the  overt  and  tacit  encouragement  and sanctioning of, and the failure to rectify, the MBPD's suspicionless stop, search and seizure.

26.  Each of the Defendants has acted with deliberate indifference to the Fourth Amendment protected rights of Plaintiff and other similarly situated individuals. As a direct and proximate result of the acts and omissions of each of the state law to deprive Plaintiff of his rights under the Fourth  Amendment,  the  Defendants  are  in  violation  of  42  U.S.C.  §1983,  which  prohibits  the deprivation under color of state law of rights secured under the United States Constitution.

27. The MBPD targets Black and sometimes Latino individuals for illegal stops, search and seizure in areas where  Plaintiff visits. Thus, a real and immediate threat exists that Plaintiff's Fourth Amendment protected rights, and the rights of other similarly situated persons, will be violated by MBPD officers in the future. Moreover, because Defendants policies, practices, and or customs subject Plaintiff, and other similarly situated persons, to stop, search and seizure without any reasonable, articulable suspicion of criminality, and often on the basis of race and or national origin. Plaintiff, and other similarly situated individuals, cannot alter their behavior to avoid future violations of constitutional and civil rights at the hands of the MBPD.

28.  Plaintiff have no adequate remedy at law and will suffer serious irreparable harm  to his constitutional  protected  rights  unless  Defendants  are  enjoined  from  continuing  the  MBPD's policy, practice and or custom of unconstitutional stop, search and seizure, and the policy, practice and or customs  that have and proximately caused such constitutional abuses.

**SECOND CLAIM**
**( Claim Pursuant to 42 U.S.C. §1983 Against All Defendants for**
**Violation of Equal Protection Clause)**

29. Plaintiff repeats and re-allege paragraph 1 through 32 as if fully set forth herein.

30. Gelber, the City, Clements, Zapata and Riesgo, have implemented, sanctioned , encouraged and enforced a policy, practice or custom of targeting Black or other minority, and stopping, searching and or seizing them or their property without lawful probable cause as indicated by the Fourth Amendment to the United States Constitution. These suspicionless stops, search and seizure have and are being conducted predominantly on Black and sometimes Latino individuals, on the basis of racial and or national origin profiling. As a result, the MBPD's policy, practice and or custom of suspicionless stops, search and seizure violate the Equal Protection Clause of the Fourteenth Amendment.

31. The MBPD's constitutional abuses were and are directly and proximately caused by the City, Gelber, Richards, including failure to adequately and properly screen, train, and supervise MBPD officers, 92) the failure to properly and adequately monitor and discipline MBPD officers; and (3) the overt and tacit encouragement and sanctioning of, and the failure to rectify, the MBPD's suspicionless stop, search and seizure.

32. Each of the Defendants has acted with deliberate indifference to the Fourteenth Amendment protected rights of Plaintiff and other similarly situated individuals. As a direct and proximate result of the acts and omissions of each of the state law to deprive Plaintiff of his rights under the Fourteenth Amendment, the Defendants are in violation of 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

33. Due to the MBPD targeting Black and sometime's Latino individuals persons in areas where Plaintiff and similarly situated individuals resides or visits, a real and immediate threat exists that Plaintiff's Fourteenth Amendment protected rights will be violated by MBPD officers in the future. Moreover, because Defendants' policies, practices and or customs subject Plaintiff and other similarly situated individuals to repeated stops, searches and seizure without any reasonable, articulable suspicion of criminality, and often on the basis of race and or national

origin, Plaintiff cannot alter his behavior to avoid future violations of constitutional and civil rights at the hands of the MBPD.

## THIRD CLAIM
### ( Claim Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), et seq. Against All Defendants for Violation of Equal Protection Clause)

**34.** Plaintiff repeats and re-allege paragraph 1 through 37 as if fully set forth herein.

35. The law enforcement activities described in this complaint have been funded, in part, with federal funds.

**36.** Discrimination based on race in the law enforcement activities and conduct described in this complaint are prohibited under 42 U.S.C. § 2000(d), *et seq.* The acts and conduct complained of herein by the Defendants were motivated by racial prejudice, ad were intended to discriminate on the basis of race and or had a disparate impact on minorities, particularly Blacks and sometimes Latinos.

37. As a direct and proximate result of the above mentioned acts, Plaintiff have suffered injustice and damages and have been deprived of his rights under the civil rights laws.  Without appropriate injunctive relief, these violations will continue to occur.


## FOURTH CLAIM
### ( Claim Pursuant to 42 U.S.C. § 1983 Against Zapata, and Riesgo)

38. Plaintiff repeats and re-allege paragraph 1 through 41 as if fully set forth herein.

29. The conduct of Defendants  Zapata and Riesgo in searching and seizing Plaintiff and his property were conducted or performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover, this search and seizure was performed on the basis of racial and or national origin profiling and racial stereotyping.

40. As a direct and proximate result of those constitutional abuses, Plaintiff has been suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

41. The acts of Zapata and Riesgo were intentional, wanton, malicious, reckless and oppressive, thus entitling Plaintiff to an award of punitive damages.

## FIFTH CLAIM
### (Claims Against **the City, Gelber and Clements**)

**42.** Plaintiff repeats and re-allege paragraph 1 through 45 as if fully set forth herein.

43. With deliberate indifference to Plaintiff constitutional protected rights, Defendants City, Gelber and Clements have directly and proximately caused the MBPD's policy, practice and custom of suspicionless stops, searches and seizure in violation of the Fourth and Fourteenth Amendments by devising, implementing, enforcing, adopting, sanctioning and ratifying a policy, practice and or custom of (a) failing to properly screen, train, and supervise MBPD officers; (b) failing to adequately monitor and discipline the MBPD and its officers; and (c) encouraging, sanctioning and failing to rectify the MBPD's constitutional abuses.

44. As a direct and proximate result of the aforesaid acts and omissions, Defendants  City, Gelber and Clements, have each deprived Plaintiff of his protected rights under the Fourth and Fourteenth Amendments, in violation of 42 U.S.C §1983.

45. The acts and omissions of Defendants City, Gelber and Clements explained herein were intentional, wanton, malicious, reckless and oppressive, thus, entitling Plaintiff to an award of punitive damages. In engaging in such conduct, Gelber and Clements acted beyond the scope of their jurisdiction, without authority under law, and in abuse of their powers.

## SIXTH CLAIM
### (Violation of Plaintiff's Rights Under Florida Law)

46. Plaintiff repeats and re-allege paragraph 1 through 49 as if fully set forth herein

47. By Defendants action describes herein this complaint, every Defendant, jointly and severally, has committed the following wrongful acts against Plaintiff, which were tortious under the Florida's Constitution and laws of the State of Florida.

   (a) trespass;

   (b) violation of the right to privacy;

   (c) violation of rights which are also protected  under

      the Florida's Constitution and laws of the State of Florida.

48. In addition, Defendants City, Gerber and Clements were negligent in their hiring, screening, training, supervising and retention of Defendants Zapata and Riesgo.

49.  The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated the statutory and common law rights as guaranteed to them by the Constitution and laws of the State of Florida.

### EIGHT CLAIM
**( Respondeat Superior Claim Against the City Under Florida's Common Law)**

**50.**  Plaintiff repeats and re-allege paragraph 1 through 53 as if fully set forth herein.

51.  The conduct of Defendants Officers Zapata and Riesgo  occurred while they were on duty, in and during the course and scope of their duties and functions as Florida police officers, and while they were acting as agents and employees of the Defendant City. As a result, Defendant City is liable to Plaintiff under the doctrine of respondeat superior.

WHEREFORE, the Plaintiff moves this Court to:

(a) issue a judgment declaring that the MBPD'S policy, practice and or customs of suspicionless stops, searches and or seizure challenged herein is unconstitutional in that it violates the fourth and Fourteenth Amendments to the United States Constitution, Title VI,  and the Constitution and laws of the State of Florida, and its implementation,  enforcement and sanctioning by the MBPD officers is a direct and proximate result of the following policies

failing to adequately screen, train and supervise officers; failure to adequately monitor and discipline officers  who violates the Constitution and laws of the Country and State of Florida

protect the rights of  the communities where the officers patrol;
do not sanction unconstitutional actions against the communities;
stop racial and ethnic profiling and discrimination against minorities.

57.  Plaintiff moves this honorable Court to award him damages for anxiety, embarrassment, emotional stress, humiliation, emotional anguish, and punitive damages, or whatever other remedy that this Court deems just and fair. The amount Plaintiff is suing for will be decided in the future.

Defendants:                             Plaintiff:

Mayor Dan Gelber                        Eliakim Brown
1700 Convention Center Drive               P.O. BOX 470373
Miami Beach, FL 33139                      Miami, FL. 333247
**305.673.7035**                        (786) 955-3527
                                        Email:  Eliakimbrown@gmail.com

Police Officer
Juan Zapata
1100 Washington Avenue
Miami Beach FL 33139
(305) 673-7925

Police Officer
Lazaro Riesgo
1100 Washington Avenue
Miami Beach FL 33139
(305) 673-7925

Police Chief
Richard Clements
1100 Washington Avenue
Miami Beach FL 33139
(305) 673-7925

City of Miami Beach
1700 Convention Center Drive
Miami Beach, Florida 33139
Phone: 305.673.7000